Filed 7/19/16  P. v. Havili CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079350 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F00236) |
| v. | |
| SIONE HAVILI, | |
| Defendant and Appellant. | |

A jury found defendant Sione Havili guilty of second degree robbery.  The trial court sentenced defendant to three years in prison.  On appeal, defendant contends trial counsel rendered ineffective assistance of counsel by failing to request a modification of CALCRIM No. 372, the flight instruction, and by failing to request a limiting instruction regarding a prior conviction.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2015, Manbinder Minhas and Dennis Shurrum were working at Dawes Wine & Spirits in Rancho Cordova.  About 6:45 p.m., defendant and two of his

1

friends, Roman and J. J., went to Dawes Wine & Spirits to steal beer. J. J. entered the store while Roman and defendant waited outside. J. J. grabbed two 18 packs of beer and ran toward the door. However, before he reached the doorway, J. J. tripped and fell, causing one of the 18 packs to split open and beer cans to spill onto the ground outside the store.

When Minhas and Shurrum approached J. J., defendant lifted up his T-shirt, exposing the handle of a revolver in his waistband and said, "What's up?" Minhas told defendant, "it's not worth it." In response, defendant said if "[y]ou come outside the store, I'll kill you." Because Minhas did not want to risk his life, he made no attempt to recover the beer. After Roman and J. J. picked up the beer, defendant and his friends walked away.

At trial, defendant testified on his own behalf. He admitted he knew J. J. went inside Dawes Wine & Spirits to steal beer. He explained that he and his friends planned the "beer run" ahead of time. Defendant also admitted he had previously been convicted of a felony in 2012. However, he denied he had a gun or threatened anyone.

The jury found defendant guilty of second degree robbery, but found the allegation that he personally used a firearm untrue. The trial court also struck an enhancement allegation after the prosecutor admitted the People could not meet their burden of proof to show defendant committed the robbery while released from custody on bail or on his own recognizance. The trial court sentenced defendant to three years in prison.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends trial counsel rendered ineffective assistance of counsel by failing to request CALCRIM No. 372, the flight instruction, be modified to specify that "the crime" referred to in the instruction was the crime charged in the instant case and not any other crime about which the jury heard testimony. Defendant further contends trial

2

counsel rendered ineffective assistance of counsel by failing to request a limiting instruction regarding his prior conviction in Arizona. We disagree.

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Mai* (2013) 57 Cal.4th 986, 1009; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693].) "Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*People v. Williams* (1997) 16 Cal.4th 153, 215.) If defendant makes an insufficient showing on either one of these components, his ineffective assistance claim fails. (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687 [80 L.Ed.2d at p. 693].)

"It is particularly difficult to prevail on an appellate claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai, supra*, 57 Cal.4th at p. 1009, italics omitted.)

" 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' [Citation.] '[W]e accord great deference to counsel's tactical decisions' [citation], and we have explained that 'courts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight' [citation]. 'Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the

3

context of the available facts.' [Citation.] [¶] In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions." (*People v. Weaver* (2001) 26 Cal.4th 876, 925-926.)

## I

### *CALCRIM No. 372 (Flight)*

During the prosecutor's cross-examination of defendant, the prosecutor attempted to elicit the reason why defendant left Sacramento following the incident at Dawes Wine & Spirits. Defendant explained he moved to his sister's house in Concord shortly after the incident and then to Arizona because he was facing a court date on a vandalism charge and the district attorney was bringing up his "prior." Defense counsel objected; the court sustained the objection and ordered the testimony regarding the vandalism charge and the prior stricken. The prosecutor then asked defendant if he knew the police were looking for him when he decided to move to Arizona about a month after the incident. Defendant said he knew the police had raided his Sacramento residence while he was in Concord, but he thought "it was probably US Marshals looking for [him] because of the Arizona case." He stated he was unaware the police were looking for him based on the incident at Dawes Wine & Spirits.

At the close of trial, the trial court gave the jury the standard instruction on flight: "If the defendant fled immediately after the crime was committed or after he was accused of committing the crime, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct; however, evidence that the defendant fled cannot prove guilt by itself." (CALCRIM No. 372.)

We reject defendant's ineffective assistance claim based on trial counsel's failure to request the flight instruction be modified to specify that "the crime" referred to in the

4

instruction is the robbery charged in the instant case and not any other crime about which the jury heard testimony. On the record before us, we cannot conclude trial counsel's representation fell below an objective standard of reasonableness. Trial counsel may have concluded that a modification to the standard flight instruction was unnecessary because a reasonable jury would understand the crime referred to in the instruction was the substantive offense charged in the instant case and not a prior crime such as defendant's Arizona conviction. Indeed, the prosecutor specifically argued that the flight instruction applied to defendant's move to Arizona following the robbery in Sacramento. Further, it is entirely possible trial counsel deemed it tactically unwise to call further attention to his prior criminal record by requesting a modification to the instruction. (*People v. Hinton* (2006) 37 Cal.4th 839, 877-878.) Accordingly, the record does not disclose that there was no rational tactical purpose for the challenged omission. Moreover, defendant failed to show prejudice. In view of the evidence presented at trial, it is not reasonably probable the modification suggested by defendant would have resulted in a verdict more favorable to him. Defendant's involvement in the charged crime was firmly established by two witnesses. Both Minhas and Shurrum testified that they saw the handle of a revolver in defendant's waistband, and that defendant threatened to kill Minhas if he came outside the store.

## II

### *Limiting Instruction*

We also reject defendant's contention that trial counsel rendered ineffective assistance of counsel by failing to request a second limiting instruction regarding his prior conviction in Arizona. Defendant claims the court should also have instructed with CALCRIM No. 303. "During the trial, certain evidence was admitted for a limited purpose. You may consider that evidence only for that purpose and for no other."

We find no basis for concluding that trial counsel's representation fell below an objective standard of reasonableness. The trial court instructed the jury to limit its

5

consideration of defendant's prior conviction pursuant to CALCRIM No. 316, which instructs that a prior felony conviction may only be considered in "evaluating the credibility of the witness' testimony." In light of this instruction, trial counsel reasonably might have concluded it was tactically unwise to call further attention to defendant's prior criminal record by requesting another limiting instruction. (*People v. Hinton*, *supra*, 37 Cal.4th at pp. 877-878.) Therefore, the record does not reflect that there was no rational purpose for trial counsel's omission. Furthermore, defendant failed to show prejudice. Given the testimony at trial it is not reasonably probable defendant would have received a more favorable verdict had another limiting instruction been given.

DISPOSITION

The judgment is affirmed.


 /s/
Robie, J.


We concur:


 /s/
Hull, Acting P. J.


 /s/
Murray, J.